SARAH LESHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lesher v. Commissioner
Docket No. 29533-89
United States Tax Court
T.C. Memo 1991-161; 1991 Tax Ct. Memo LEXIS 180; 61 T.C.M. (CCH) 2381; T.C.M. (RIA) 91161; April 9, 1991, Filed *180 Decision will be entered for the respondent. Sarah Lesher, pro se. Elizabeth S. Henn, for the respondent. WOLFE, Special Trial Judge. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rule 180 et seq. Respondent determined a deficiency of $ 1,054.00 in petitioner's Federal income tax for 1981. The sole issue for decision is whether petitioner is entitled to deduct expenses incurred in connection with her travel in Africa, Israel, and Europe during 1981 as expenses of an activity engaged in for profit. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Silver Spring, Maryland, when *181 the petition was filed. From 1976 until 1980, petitioner was employed as a research associate and computer programmer at Yale University. Petitioner learned of a publisher of travel guides in need of information for a revised edition of an African travel guide. Petitioner contacted the publisher and received information regarding the submission of articles. She travelled to Africa in October of 1980 and then to Israel in January of 1981. While in Israel, petitioner was employed as a computer programmer for the Weizmann Institute. During 1981 she bought a typewriter and wrote at least one draft of a fictional work based on her adventures while in Africa and Israel. Petitioner did not maintain any type of business accounting records of her writing activities. In September of 1981, petitioner left Israel for Europe and then returned to the United States at the end of November. During 1981 petitioner incurred a total of $ 9,847.13 in expenses connected with her travels. She deducted these expenses on Schedule C of her 1981 Federal income tax return. Petitioner went to Africa again in 1982 and resumed working as a computer programmer. In April of 1983, petitioner returned to *182 the United States. Subsequently, she continued her education and once again she worked as a computer programmer. Petitioner had no experience writing any type of literary work prior to her trip. Nothing petitioner wrote with respect to her travels has been published or sold. She never has engaged a literary agent to help her to publish her writing. Petitioner did not travel to Africa, Israel, and Europe to write and she did not remain in Israel in 1981 for the purpose of writing for profit. Petitioner anticipated using her manuscript as a device to support a claim for tax deductions. In 1981, petitioner received approximately $ 10,000.00 in unearned income from passive investments. In addition, petitioner received her salary as a full-time computer programmer. She received no income during 1981 from her writing activities and kept no record of the amount of time she spent writing during the year. OPINION For petitioner to deduct expenses of her travel and writing activities during 1981 as business expenses under section 162 or as expenses incurred for the production of income under section 212, she must show that she engaged in such activities with an actual and honest *183 objective of making a profit. Sec. 183; sec. 1.183-2(a), Income Tax Regs.; Ronnen v. Commissioner, 90 T.C. 74, 91 (1988); Fuchs v. Commissioner, 83 T.C. 79, 97-98 (1984); Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983). Where an activity is not engaged in for profit, section 183(b)(1) allows deductions that are not dependent on profit objectives, e.g., interest and certain state and local taxes. Additional deductions are allowed under section 183(b)(2) as if the activity were engaged in for profit; but, such deductions are allowed only to the extent that gross income from the activity exceeds deductions already allowed under section 183(b)(1). Ronnen v. Commissioner, 90 T.C. at 91 (1988). Although a reasonable expectation of profit is not required for a taxpayer to be considered engaged in an activity for profit under section 183, the taxpayer's profit objective must be bona fide. Hulter v. Commissioner, 91 T.C. 371, 393 (1988); Beck v. Commissioner, 85 T.C. 557, 569 (1985). "Profit" *184 in this context means economic profit, independent of tax savings. Drobny v. Commissioner, 86 T.C. 1326, 1341 (1986). Whether a taxpayer had an actual and honest profit objective is a question of fact to be resolved from all relevant facts and circumstances. Hulter v. Commissioner, supra at 393; Golanty v. Commissioner, 72 T.C. 411, 426, (1979), affd. in an unpublished opinion 647 F.2d 170 (9th Cir. 1981). The burden of proving such objective is on petitioner. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). Greater weight is given to objective facts than to a taxpayer's statement of intent. Sec. 1.183-2(a), Income Tax Regs.; Thomas v. Commissioner, 84 T.C. 1244, 1269 (1985), affd. 792 F.2d 1256 (4th Cir. 1986); Beck v. Commissioner, supra at 570. Section 1.183-2(b), Income Tax Regs., provides the following non-exclusive list of factors which may be considered in determining whether an activity is engaged in with the requisite profit objective: (1) The manner in which the taxpayer carries on the activity; (2) the *185 expertise of the taxpayer; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) expectation that assets used in activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer and (9) elements of personal pleasure or recreation. No single factor, nor the existence of even a majority of the factors, is controlling, but rather it is an evaluation of all the facts and circumstances in the case, taken as a whole, which is determinative. Petitioner has failed to prove that she had an actual and honest profit objective. She did not carry on her activities in a business-like manner. For example, she did not maintain any type of records or accounting method relating to her writing activity. She also did not attempt to submit an article for publication and has not shown the amount of time she devoted to writing during taxable year 1981. Petitioner had little or no expertise or experience as a writer. In 1981, she spent *186 the bulk of her working hours as a computer programmer, which limited the time available for her to write. Both before and after her trip petitioner was employed as a computer programmer. Petitioner never has had any of her fiction works published. In 1981 only her salary and investments provided her with income. There were obvious elements of personal pleasure and satisfaction and recreation for petitioner in travelling through Africa, Israel, and Europe. Petitioner expected to use her draft novel as window-dressing to support her claims for travel expense deductions. Petitioner's travel and writing activities during 1981 simply did not amount to a business or an activity conducted for the production of income. We hold that during the taxable year 1981 petitioner's activities in issue here were not engaged in for profit within the meaning of section 183. This Court previously came to the same conclusion regarding petitioner's attempted deduction of her traveling expenses for 1980. Lesher v. Commissioner, T.C. Memo 1987-345, affd. without published opinion (2nd Cir. October 20, 1988). In the present case petitioner has introduced not only several hundred *187 exhibits also stipulated into evidence with respect to 1980 but also numerous additional exhibits, including a copy of a draft of her novel. We have examined these materials, including correspondence and information concerning the accomplishments of petitioner's ancestors, friends, and acquaintances, her personal life, her activities for many years before and after the years in issue and even the background of various authors. We have considered petitioner's testimony and are convinced that petitioner believes in her case and did not institute or maintain these proceedings merely for delay. We are unwilling to hold that petitioner's case is frivolous. Accordingly, we reject respondent's urging that we impose sanctions under section 6673. Nevertheless, after reviewing the evidence, much of which is at best of questionable relevance to the issue here, we reach the same result with respect to petitioner's travel and writing expenses for 1981, which this Court previously reached as to her similar expenses for 1980. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the tax year at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩